# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 7, 2011

No. 10-20584
Summary Calendar

Lyle W. Cayce
Clerk

GWENDOLYN BYRD,

Plaintiff - Appellant

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-2822

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff Gwendolyn Byrd filed suit challenging the Unum Life Insurance Company's decision to terminate her long-term disability benefits. Reviewing for abuse of discretion, the district court granted summary judgment to Unum. Byrd appeals, and this court has jurisdiction pursuant to 28 U.S.C. § 1291. Because we agree that Unum did not abuse its discretion, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20584

Byrd was employed as a chargeback associate (or accounting assistant) for Accenture LLP when, on March 26, 2003, she suffered a repetitive-trauma work-related hand injury later diagnosed as carpal tunnel syndrome. Her subsequent medical complaints include that she suffered from bulging discs in her lower back, lumbar radiculopathy, cervical discogenic pain, cervical spondylosis, and other associated ailments. Byrd alleges that these conditions persist today.

Byrd participated in Accenture's group long-term disability program administered by Unum. In July 2004, Byrd applied for and received disability benefits. Unum paid Byrd benefits under the program from September 2003 through July 2008, when Unum terminated Byrd's benefits after concluding that Byrd no longer was physically unable to return to her occupation. Unum made its decision to terminate Byrd's benefits after asking at least three independent physicians and two occupational experts to review Byrd's full medical file. Those experts agreed that Byrd would be physically able to perform her former job.

After Unum's appeals unit denied her appeal, Byrd filed suit in district court under ERISA § 502(a), 29 U.S.C. § 1132(a), seeking past damages including unpaid long-term disability benefits, a declaratory judgment that she is entitled to future benefits under the policy, and attorney's fees. We review the district court's judgment *de novo*, but we apply the same abuse-of-discretion test the district court applied in assessing Unum's decision to terminate benefits. *See Wade v. Hewlett-Packard Dev. Co. LP Short Term Disability Plan*, 493 F.3d 533, 537 (5th Cir. 2007).

In arguing that Unum abused its discretion, Byrd raises two arguments on appeal. First, Byrd argues that Unum improperly failed to consider her lumbar radiculopathy. Byrd argues that Unum's decision relied on an independent medical examination performed on April 25, 2008, that did not evaluate her spine. Byrd claims that she was diagnosed on July 3, 2007 with

No. 10-20584

lumbar radiculopathy, and that she received treatment for that condition from two treating physicians, Drs. Saqer and Opus, whose opinions were improperly ignored by Unum. As the district court correctly noted, however, the record indicates that Byrd's cervical and lumbar conditions were reviewed thoroughly by three board-certified orthopedic surgeons and considered by two vocational specialists. At least one of those doctors explicitly addressed Byrd's specific lumbar complaints and noted that her lumbar problems did not justify an "overly restrictive" work designation. A second physician, Dr. Moses, explicitly addressed Byrd's complaints to Dr. Saqer and noted that those ailments would not preclude Byrd from performing an eight-hour workday in a sedentary occupation. Unum plainly considered Byrd's lumbar problems and found them insufficient to justify further benefits. We therefore reject Byrd's argument to the contrary.

Second, Byrd contends that Unum failed to consider her cervical and upper extremity impairments. Her brief states that "Byrd is limited to lifting 5 pounds and cannot do repetitive motion . . . ." Since Unum concluded that Byrd could exert up to 10 pounds of force – or double the amount of force Byrd believes she can exert – Byrd argues that Unum abused its discretion. We disagree. As discussed above, Unum's experts reviewed Byrd's full medical records carefully, and each concluded Byrd could return to her previous sedentary occupation. At least one physician – Dr. Moses – concluded Byrd could exert 20 pounds of force occasionally and 10 pounds of force frequently. Unum's decision took into account Byrd's cervical and upper extremity impairments, and its decision is supported by substantial evidence presented in the record.

Unum did not abuse its discretion in denying Byrd further long-term disability benefits. The judgment of the district court is therefore **AFFIRMED.**

3